# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

PATRICK BLACKWELL                      CIVIL ACTION

VERSUS

                                     NO. 17-685-BAJ-RLB

MICHAEL TOVEY, ET AL.

## ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Compel Discovery Plaintiff to Respond to Discovery (R. Doc. 6) filed on March 29, 2018. Plaintiff has not filed a response as of the date of this Order. Accordingly, the instant Motion is unopposed. *See* LR 7(f).

State Farm propounded Interrogatories and Requests for Production on Patrick Blackwell ("Plaintiff") on November 17, 2017. (R. Doc. 6-2 at 1-14).

On February 26, 2018, having received no responses to the foregoing discovery, defense counsel sent a letter by e-mail to Plaintiff's counsel setting a telephone discovery conference on March 6, 2018 at 9:30 a.m., with defense counsel to initiate the call. (R. Doc. 6-2 at 15-16). On March 6, 2018, unable to reach Plaintiff's counsel by telephone at the designated time, defense counsel sent a second letter by e-mail to Plaintiff's counsel. (R. Doc. 6-2 at 17-18). In the letter, Plaintiff's counsel indicated that he left a voicemail message, and requested responses to the written discovery to be provided within 10 days of the letter to avoid the filing of a motion to compel. (R. Doc. 6-2 at 17).

The record indicates that Plaintiff has failed to respond to State Farm's discovery requests within the time allowed under the Federal Rules of Civil Procedure,[1] failed to respond to State Farm's correspondences, and failed to file any opposition to the instant Motion.

As Plaintiff did not make any timely objections to State Farm's discovery requests, the Court finds that he has waived his objections to State Farm's Interrogatories and Requests for Production, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Moreover, given the lack of any response to the instant Motion, the Court will award State Farm the reasonable expenses incurred in making the Motion, including attorney's fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

For the foregoing reasons,

**IT IS ORDERED** that State Farm's Motion to Compel (R. Doc. 6) is **GRANTED**. Plaintiff must provide responses to State Farm's Interrogatories (R. Doc. 6-2 at 3-9) and Requests for Production (R. Doc. 6-2 at 10-14), including the production of any non-privileged responsive documents, no later than **7 days** from the date of this Order. These responses must be made without objections, except to assert any applicable privileges and/or immunities.

---

[1] State Farm's interrogatories and requests for production incorrectly assert that Plaintiff had 14 days to respond after service of the discovery requests pursuant to Rule 26 of the Federal Rules of Civil Procedure. (*See* R. Doc. 6-2 at 3, 10). To be clear, Plaintiff had 30 days to respond to the interrogatories and requests for production after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

**IT IS FURTHER ORDERED** that State Farm is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion to Compel, and that Plaintiff's counsel shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[2] Plaintiff's counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, State Farm shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within 7 days of the filing of State Farm's Motion, file any opposition pertaining to the imposition of the amounts requested by State Farm.

Signed in Baton Rouge, Louisiana, on April 20, 2018.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.,* No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.